UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RENARDO THOMAS,

    Petitioner,

v.   Case No: 5:24-cv-471-JSS-PRL

WARDEN, FCC COLEMAN - LOW,

    Respondent.
_____/

**ORDER**

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 1.) Respondent has responded to the petition. (Dkt. 9.) An evidentiary hearing is unnecessary because Petitioner's claim requires no further factual development. *See Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003) (discerning no error where the district court denied the petitioner's request for an evidentiary hearing because the petitioner could be "assess[ed] . . . without further factual development"), *overruled in part on other grounds by Hurst v. Florida*, 577 U.S. 92 (2016). Upon consideration, for the reasons outlined below, the petition is due to be dismissed.

In his petition, Petitioner claims that he had forty-one days of good time credit revoked at the conclusion of a disciplinary hearing. (Dkt. 1 at 2.) He alleges that he was unable to appeal this decision because he was not given a copy of the disciplinary report. (*Id.*) While Petitioner requests that the court expunge the disciplinary incident from his record and restore his good time credit, his chief complaint is that he was

denied due process because he was not able to appeal the revocation of his good time credit. (*Id.* at 6–7 (noting that Petitioner's appeal "was rejected due to not including a copy of the [disciplinary] report").) Respondent contends that the petition should be dismissed as moot because Petitioner received a de novo disciplinary hearing after he filed the instant petition. (Dkt. 9 at 7–8; *see* Dkt. 9-1 at 2–4.) Respondent asserts that, at the conclusion of that hearing, Petitioner was provided a copy of the disciplinary report required to appeal and was fully apprised of his rights on appeal. (Dkt. 9 at 7; Dkt. 9-1 at 3–4.) Petitioner has failed to respond to this argument, and the time to do so has passed.

Whether an action is moot is a jurisdictional matter. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395–96 (1980); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). "[I]f events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed." *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (quotation omitted); *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("Throughout the litigation, the plaintiff must have suffered, or been threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." (alteration adopted and quotation omitted)). When an inmate receives a rehearing of a disciplinary hearing, any claims regarding the first hearing become moot. *See Green v. Parks*, No. 14-cv-0857, 2015 WL 6667722, at *2 (D. Minn. Oct. 30, 2015) (collecting cases); *see also Williams v. Janson*, No. 4:22cv-1365, 2022 WL 16823438, at *6 (D.S.C. Aug. 2, 2022). Here, because Petitioner has received a new hearing and received the

disciplinary report required to appeal, the court finds that this action is moot, and thus, due to be dismissed.

Furthermore, after failing to timely reply to Respondent's response, United States Magistrate Judge Philip R. Lammens ordered Petitioner to show cause as to why his petition should not be denied as moot. (Dkt. 11.) Petitioner has not responded to that order, and the time to do so has passed. Accordingly, the petition is also due to be dismissed based on Petitioner's failure to prosecute. *See* M.D. Fla. R. 3.10 ("A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay."). If Petitioner wishes to pursue his claims, he must file a new complaint under a new case number.

Accordingly:

1. The petition for writ of habeas corpus (Dkt. 1) is **DISMISSED as moot**.
2. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and to close this case.

**ORDERED** in Orlando, Florida, on June 20, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party
Counsel of Record